## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD NEFF | : | CASE NO: _____ |
| 5299 West Ford Road | : | |
| Ashville, OH 43103 | : | |
| | : | **COMPLAINT** |
| Plaintiff, | : | |
| vs. | : | **Jury Demand Endorsed Herein** |
| | : | |
| ALERIS ROLLED PRODUCTS, INC. | : | |
| c/o CT Corporation System, Statutory Agent | : | |
| 1300 East Ninth Street | : | |
| Cleveland, Ohio  44114 | : | |
| | : | |
| Defendant. | | |

**Jurisdiction and Venue:**

1.  This is an action for damages for (1) violations of the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act of 2008, 42 U.S.C.A. §12101 et. seq., (2) Ohio Revised Code §§4112.02, 4112.14 and 4112.99 (Ohio Fair Employment Practices Act), and (3) the Age Discrimination in Employment Act ("ADEA") 29 U.S.C.S. §621-634.

2. This court has subject-matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1291.

3. Venue is proper in this court because (a) Aleris Rolled Products, Inc. (hereinafter "Aleris") is located in this district, (b) Aleris transacts business in this district and did so at all times relevant to this complaint and (c) all acts described below occurred within this district

**Parties:**

4. Plaintiff Arnold Neff, hereinafter "Plaintiff" or "Neff") is a U.S. citizen, who at all times material to this action resided in Pickaway County, Ohio.

5. Defendant Aleris Rolled Products, Inc. (hereinafter "Aleris") is a Delaware corporation registered in Ohio as a foreign corporation.

6. Aleris operates a manufacturing facility in Pickaway County, Ohio, formerly known as s ALSCO Metal Corporation.

**Background Facts:**

7. Plaintiff began his employment with ALSCO Metal Corporation (now known as Aleris) on January 13, 1972.

8. The most recent position Plaintiff held was roll form supervisor.

9. During the last year of his employment, Plaintiff's supervisor and Defendant's Production Manager, Dale Childress, repeatedly asked Plaintiff when he was going to retire. The last time Mr. Childress asked Plaintiff when he was going to retire was in January 2010.

10. Plaintiff has a speech impediment.

11. In January 2010, Plaintiff missed work for four days to receive medical treatment for a deteriorated disk in his back.

12. Defendant knew of the reasons for Plaintiff's absence.

13. When Plaintiff returned to work, Defendant's Human Resources Manager, Robert Polca, told Plaintiff that he might want to take additional time off work and should consider taking a disability leave of absence.

14. Defendant told Mr. Polca he did not want to take any additional time off.

15. On February 5, 2010, Defendant suspended Plaintiff without pay for allegedly instructing an operator to run Line 61 without the safety guards on the cut-off die of the line.

16. Plaintiff denies that he instructed the operator to rune Line 61 without the safety guards on the cut-off die of the line.

17. Plaintiff's assigned area of supervision did not include Line 61.

18. Line 61 was supervised by another supervisor.

19. On February 12, 2010, Defendant terminated Plaintiff's employment for allegedly violating the safety policy.

20. Defendant treated Plaintiff less favorably than other workers

21. In December 2009, Production Manager Childress had authorized Line 61 to operate without the safety guards. Childress was not disciplined or terminated for allowing Line 61 to operate without the safety guards.

22. The employees who operated Line 61 without safety guards were not disciplined or terminated.

23. Plaintiff was replaced by a substantially younger worker.

24. Plaintiff received a right to sue notice from the EEOC and filed his complaint with this court within 90 days of receipt of the notice. A copy is attached as attachment 1.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE CHAPTER 4112 AGAINST DEFENDANT

25. Plaintiff restates and incorporates all of the allegations in the foregoing paragraphs as if completely re-written herein.

26. Defendant is an "employer" as defined by O.R.C. § 4112.01(A)(2).

27. Defendant regarded Plaintiff as an individual with a disability.

28. At all times relevant herein, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

29. Defendant regarded Plaintiff as a person with a disability.

30. Defendant's termination of Plaintiff was substantially motivated by disability discrimination.

31. The discharge of Plaintiff constitute discrimination based on disability in violation of O.R.C. §§ 4112.02 and 4112.99.

32. Defendant acted with malice or reckless indifference to the protected rights of Plaintiff and others, for which Defendant is liable for punitive damages.

33. As a result of the discrimination, Plaintiff has suffered loss of past and future compensation and benefits, emotional distress, mental anguish, loss of enjoyment of life, and other damages to be shown at trial.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT, AS AMENDED

34. Plaintiff restates and incorporates all of the allegations in the foregoing paragraphs as if completely re-written herein.

35. Defendant is an "employer" as defined by 42. U.S.C. § 12111(5).

36. Defendant regarded Plaintiff as an individual with a disability.

37. At all times relevant herein, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

38. Defendant regarded Plaintiff as a person with a disability.

39. Defendant's termination of Plaintiff was substantially motivated by disability discrimination.

40. The discharge of Plaintiff constitute discrimination based on disability in violation of the Americans with Disabilities Act, as amended..

41. Defendant acted with malice or reckless indifference to the protected rights of Plaintiff and others, for which Defendant is liable for punitive damages.

42. As a result of the discrimination, Plaintiff has suffered loss of past and future compensation and benefits, emotional distress, mental anguish, loss of enjoyment of life, and other damages to be shown at trial.

## COUNT III

## AGE DISCRIMINATION IN VIOLATION OF THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT

43. Plaintiff restates and incorporates all of the allegations in the foregoing paragraphs as if completely re-written herein.

44. Defendant is an employer as that term is defined by the ADEA, 42 U.S.C.A. § 12111(5)(A).

45. Plaintiff is a member of the protected age group as that term is defined by the ADEA.

46. Plaintiff was qualified to perform the duties of his position.

47. Plaintiff was subjected to discrimination because of his age.

48. Plaintiff was discharged because of his age.

49. Plaintiff was replaced by a substantially younger worker.

50. Defendant had no legitimate business justification for discharging Plaintiff.

51. Plaintiff has been damaged by Defendant's discriminatory termination of his employment such that he is entitled to compensation therefore.

52. Defendant acted willfully, with malice and reckless disregard for the law and Plaintiff's rights, such that Plaintiff is entitled to liquidated damages therefore.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court grant him:

a) lost past and future wages and benefits;

b) compensatory damages

c) liquidated damages pursuant to the ADEA;

d) an amount in excess of $75,000.00 in compensatory damages for emotional distress as provided under Ohio Revised Code Chapter 4112;

e) an amount in excess of $75,000.00 for punitive damages;

f) attorney fees and costs;

g) prejudgment and post judgment interest;

h) such other equitable and further relief as may be just and appropriate.

Respectfully submitted,

S://Roxi A. Liming

_____
ROXI A. LIMING (0069602)
SHARON CASON-ADAMS (0067550)
Adams & Liming LLC
1989 West 5th Avenue, Suite 14
Columbus, OH  43212
Telephone: 614-488-2053
Fax No: 614-488-2069

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable before a jury.

S://Roxi A. Liming

_____
ROXI A. LIMING (0069602)